UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BROWN, INC., BULK TRANSPORT CORPORATION, and DDALT CORPORATION, | ) ) ) |
| Plaintiff, | ) |
| v. | ) CASE NO._____ ) |
| ST. PAUL FIRE and MARINE INSURANCE COMPANY, and UNITED STATES FIDELITY and GUARANTY COMPANY, | ) ) ) JURY TRIAL REQUESTED |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Brown, Inc. ("Brown"), Bulk Transport Corporation ("Bulk Transport") and Ddalt Corporation ("Ddalt") for their complaint against Defendants, state:

## INTRODUCTION

Brown, Bulk Transport and Ddalt (collectively, the "Brown Companies") allege that the Defendant insurers are obligated to defend and indemnify them for damages resulting from claims arising from alleged coal combustion waste contamination in the vicinity of the Town of Pines, Indiana. Such claims include the following: claims alleged by US EPA in an administrative action resulting in a February 2003 Administrative Order on Consent, and an April 2004 Amended Administrative Order on Consent entered into by the Brown Companies and the Northern Indiana Public Service Company ("NIPSCO") ("AOC I"); claims alleged by US EPA in a second administrative action, resulting in an April 2004 Administrative Order on Consent for Remedial Investigation/Feasibility Study ("AOC II") entered into by the same parties as AOC I;

claims alleged in an administrative action initiated by the Indiana Department of Environmental Management's ("IDEM") December 10, 2003 "Special Notice of Liability" letter ("SNL"), which were incorporated into AOC II; and claims alleged in a citizens' suit styled as, *Loyd, et al. v. NIPSCO et al.* (the "Loyd Lawsuit").

The Defendant insurers committed, in writing, four times over the last 10 years to defend the Brown Companies regarding some or all of these claims. Notwithstanding those commitments, the Defendants have unlawfully refused to pay for any of the Brown Companies' defense costs relating to AOC I and AOC II and only recently paid defense costs incurred over 6 years ago in the Loyd Lawsuit. The Defendants have also refused to indemnify the Brown Companies as to any of the claims in AOC I, AOC II and the Loyd Lawsuit. Finally, the Defendants have also unlawfully refused to pay interest on the defense costs incurred and paid over 6 years ago by the Brown Companies in relation to the Loyd Lawsuit.

## THE PARTIES AND JURISDICTION

1. Brown is an Indiana corporation with its principal place of business located in Michigan City, Indiana. At all relevant times Brown operated a permitted Restricted Waste Facility known as the Yard 520 landfill in Porter County, Indiana.

2. Bulk Transport is an Indiana corporation with its principal place of business located in Michigan City, Indiana, that transported fly ash from NIPSCO facilities to the Yard 520 landfill.

3. Ddalt is an Indiana corporation with its principal place of business located in Michigan City, Indiana, that at all relevant times owned the Yard 520 landfill.

4. Defendant St. Paul Fire and Marine Insurance Company ("St Paul") is a Minnesota company that has been licensed to sell insurance in the State of Indiana at all times relevant to this complaint. St. Paul's principal place of business is located in Connecticut.

5. Defendant United States Fidelity and Guaranty Company ("USF&G") is a Connecticut company that has been licensed to sell insurance in the State of Indiana at all times relevant to this complaint. USF&G's principal place of business is located in Connecticut.

6. Plaintiffs and each Defendant are "citizens" of different states for purposes of diversity jurisdiction, and this matter involves claims in excess of $75,000, exclusive of costs and interest.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction of this matter on the basis of diversity of the parties and the satisfaction of the amount in controversy.

## VENUE

8. Brown, Bulk Transport, and Ddalt purchased insurance policies from USF&G and/or St. Paul that were issued to Brown, Bulk Transport, and Ddalt in Michigan City, Indiana. In addition, the underlying claims are focused on the discovery of contaminated groundwater in the Town of Pines, Porter County, Indiana. Thus, the events and omissions giving rise to Brown's, Bulk Transport's, and Ddalt's claims occurred in the Northern District of Indiana, and the land and groundwater that are the subject of the underlying claims against the Brown Companies are located in the Northern District of Indiana.

9. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this district for the reasons set forth in Paragraph 8 above.

## POLICIES ISSUED BY USF&G

10. From 1980 to 1993, Brown and Bulk Transport were insured under commercial general liability insurance and commercial umbrella liability insurance policies issued by USF&G (the "1980-93 Policies").

11. The 1980-93 Policies provided general liability coverage and umbrella coverage for property damage, bodily injury, and personal injury claims arising out of business operations of Brown and Bulk Transport, including those relating to the Yard 520 landfill.

12. USF&G has confirmed the existence and principal terms of the 1980-93 Policies and that Brown and Bulk Transport were insureds under these policies.

13. The coverage layers (i.e., primary or umbrella), policy numbers, policy periods and coverage limits for the 1980-93 Policies are as follows:

**USF&G Commercial General Liability Policies**

| Policy Number | Policy Term | Limits |
|---|---|---|
| MP48197 | 07/01/81-07/01/82 | 300,000 BI/100,000 PD |
| MP76261 | 07/01/82-07/01/83 | 300,000 BI/100,000 PD |
| MP031811000 | 07/01/83-07/01/84 | 300,000 BI/100,000 PD |
| MP036918266 | 01/01/84-01/01/85 | 300,000 BI/100,000 PD |
| MP063732185 | 07/01/85-07/01/86 | 500,000 BI and PD |
| MP075353289 | 07/01/86-07/01/87 | 500,000 BI and PD |
| MP070225595 | 01/01/87-01/01/88 | 500,000 BI and PD |
| MP078309891 | 01/01/88-01/01/89 | 1M Combined Single Limit |
| MP110887689 | 01/01/89-01/01/90 | 1M Combined Single Limit |
| 1MP118173055 | 01/01/90-01/01/91 | 1,000,000 each occurrence; 2,000,000 aggregate |
| 1MP126780335 | 01/01/91-01/01/92 | 1,000,000 each occurrence; 2,000,000 aggregate |
| 1MP300123681 | 01/01/92-01/01/93 | 1,000,000 each occurrence; 2,000,000 aggregate |

**USF&G Commercial Umbrella Liability Policies**

| Policy Number | Policy Term | Limits |
|---|---|---|
| CEP78801 | 07/01/80-07/01/81 | 2,000,000 occurrence; 2,000,000 aggregate |
| CEP019905072 | 07/01/82-07/01/83 | 5,000,000 occurrence; 5,000,000 aggregate |
| CEP030275124 | 07/01/83-07/01/84 | 5,000,000 occurrence; 5,000,000 aggregate |
| CEP030278908 | 07/01/84-07/01/85 | 5,000,000 occurrence; 5,000,000 aggregate |
| CEP064817511 | 07/01/85-07/01/86 | 5,000,000 occurrence; 5,000,000 aggregate |
| CEP073385444 | 07/01/86-07/01/87 | 5,000,000 occurrence; 5,000,000 aggregate |
| CEP089927365 | 01/01/87-01/01/88 | 5,000,000 occurrence; 5,000,000 aggregate |
| ULC080608154 | 01/01/88-01/01/89 | 5,000,000 incident; 5,000,000 aggregate |
| ULC111818157 | 01/01/89-01/01/90 | 5,000,000 incident; 5,000,000 aggregate |
| ULC119987483 | 01/01/90-01/01/91 | 5,000,000 incident; 5,000,000 aggregate |
| ULC132246609 | 01/01/91-01/01/92 | 5,000,000 incident; 5,000,000 aggregate |
| ULC138353996 | 01/01/92-01/01/93 | 5,000,000 incident; 5,000,000 aggregate |

## POLICIES ISSUED BY ST PAUL

14. In 2002 and 2003, the Brown Companies purchased contractors commercial liability insurance and umbrella excess liability policies from St. Paul (the "2002-03 Policies").

15. The coverage layers, policy numbers, policy terms, and coverage limits for the 2002-03 Policies are as follows:

**St. Paul Contractors Commercial Liability Policies**

| Policy Number | Policy Term | Limits |
|---|---|---|
| KK01300048 | 01/01/02-01/01/03 | 1,000,000 each event; 2,000,000 total limit |
| KK01300068 | 01/01/03-01/01/04 | 1,000,000 each event; 2,000,000 total limit |

**St. Paul Umbrella Excess Liability Policies**

| Policy Number | Policy Term | Limits |
|---|---|---|
| KK01300048 | 01/01/02-01/01/03 | 5,000,000 each event; 5,000,000 total limit |
| KK01300068 | 01/01/03-01/01/04 | 5,000,000 each event; 5,000,000 total limit |

## THE UNDERLYING CLAIMS

16.     Due to the discovery of contaminated groundwater in the Town of Pines, US EPA initiated an administrative action against the Brown Companies which led to the entry of AOC I in February of 2003.  AOC I required the Brown Companies and NIPSCO to extend municipal water to various portions of the Town of Pines, pay for bottled water at various residences until municipal water was available, and also begin a groundwater monitoring program.  US EPA's past and future costs were also required to be reimbursed pursuant to AOC I.  The Brown Companies tendered US EPA's administrative action and AOC I to USF&G and St. Paul for defense and indemnity.

17.     On May 6, 2003, St. Paul agreed to defend the Brown Companies with respect to the administrative action and AOC I.  On the same date, USF&G agreed to defend all the Brown Companies except Ddalt with respect to US EPA's administrative action.

18.     On December 10, 2003, IDEM issued its SNL letter to the Brown Companies. The SNL demanded that the Brown Companies reimburse IDEM for past costs and engage in interim response actions relating to contamination in the Town of Pines.  The Brown Companies tendered the SNL letters to St. Paul and USF&G for defense and indemnity.

19. On February 6, 2004, St. Paul agreed to defend the Brown Companies with respect to the administrative action commenced by the SNL letter. On the same date, USF&G agreed to defend all the Brown Companies except Ddalt with respect to the administrative action commenced by the SNL letter.

20. AOC I was amended effective April 2004, to further the extension of municipal water in the Town of Pines. The Brown Companies tendered the amended AOC I to USF&G and St. Paul for defense and indemnity.

21. US EPA initiated administrative action in 2004 to require the Brown Companies and NIPSCO to investigate the extent of contamination in and around the Town of Pines. That administrative action resulted in the entry of AOC II in April of 2004. The Brown Companies tendered the administrative action resulting in AOC II to St. Paul and USF&G for defense and indemnity.

22. In early 2004, the Loyd Lawsuit was filed against the Brown Companies and NIPSCO in LaPorte Superior Court. The lawsuit included allegations of property damage, bodily injury, and personal injury. The Brown Companies tendered the Loyd Lawsuit to St. Paul and USF&G for defense and indemnity.

23. On June 8, 2004, St. Paul agreed to defend the Brown Companies with respect to the administrative proceedings embodied in the amended AOC I and AOC II and with respect to the Loyd Lawsuit. On the same date, USF&G agreed to defend all the Brown Companies except for Ddalt with respect to the administrative actions embodied in the amended AOC I and AOC II and the Loyd Lawsuit.

24. Notwithstanding USF&G's and St. Paul's multiple commitments to defend the Brown Companies made in 2003 and 2004, neither has paid any of the Brown Companies'

defense costs to date incurred in relation to AOC I and AOC II, and neither has paid any of the settlement costs or prejudgment interest that has accrued on the Loyd Lawsuit defense costs which went unpaid for over 6 years.

## THE LOYD LAWSUIT

25.     The Loyd Lawsuit was settled **nearly seven years ago** in 2007.  USF&G and St. Paul were fully apprised of the circumstances leading up to that settlement.  USF&G and St. Paul knew and accepted defense counsel's recommendation to settle the Loyd Lawsuit because the cost of settlement was less than the projected costs of defense going forward.

26.     The Brown Companies made a confidential settlement payment to plaintiffs in the Loyd Lawsuit to settle their claims.  USF&G and St. Paul were fully aware of and consented to that settlement payment.

27.     The Brown Companies made **8 separate demands for the payment** of their defense costs related to the Loyd Lawsuit during the past 6 years. The Brown Companies have also demanded reimbursement of their payment to settle the Loyd Lawsuit.

28.     Most recently, on October 14, 2013, the Brown Companies sent a demand letter to USF&G and St. Paul for defense costs associated with the Loyd lawsuit. In that letter a demand was also made for the prejudgment interest on these defense costs.

29.     As of February 3, 2014, USF&G and St. Paul have paid only the defense costs related to the Loyd litigation. The prejudgment interest and settlement payment have not been paid.

## AOC I and AOC II

30. USF&G and St. Paul agreed **10 years ago** to pay the defense costs for AOC I and AOC II.

31. As required by AOC II, in April 2004, the Brown Companies began work on the Remedial Investigation/Feasibility Study ("RI/FS").

32. The March 2010 Remedial Investigation Report ("RI Report") demonstrates that the RI effort has substantially limited the Brown Companies' liability.

33. The invoices for AOC defense work beginning in 2002 have been provided to USF&G and St. Paul numerous times over the last eight years, and the Brown Companies have demanded payment and/or reimbursement for those amounts.

34. Despite their commitment to defend and receipt of numerous demands for payment, USF&G and St. Paul have failed to pay any of the Brown Companies' defense costs for AOC I and AOC II.

35. USF&G and St. Paul have for many years been in receipt of all invoices and receipts demonstrating the reasonable and necessary costs of defense incurred and paid by the Brown Companies in the AOC matters.  USF&G and St. Paul have never objected to any of the defense invoices or receipts tendered in the AOC matters.

## CAUSES OF ACTION

### Count I – Breach of Contract/AOC I and AOC II

36. The Brown Companies incorporate by reference their allegations in Paragraphs 1 through 35 of this Complaint as though fully restated herein.

37. USF&G was and is obligated to reimburse the Brown Companies for their costs of defense in resolving AOC I and AOC II under the 1980-93 Policies. USF&G has breached the 1980-93 Policies by failing to reimburse the Brown Companies for those defense costs.

38. St. Paul was and is obligated to reimburse the Brown Companies for their costs of defense in resolving AOC I and AOC II under the 2002-03 Policies. St. Paul has breached the 2002-03 Policies by failing to reimburse the Brown Companies for those defense costs.

39. The Brown Companies have suffered damages as a result of the breaches of contract committed by USF&G under the 1980-93 Policies and by St. Paul under the 2002-03 Policies, respectively. USF&G and St. Paul are liable to the Brown Companies for all damages caused by their breaches of contract.

## Count II – Breach of Contract/Loyd Lawsuit

40. The Brown Companies incorporate by reference their allegations in Paragraphs 1 through 39 of this Complaint as though fully restated herein.

41. USF&G was obligated under the 1980-93 Policies to pay the defense costs incurred by the Brown Companies incurred in defending the Loyd Lawsuit directly to their attorneys or to reimburse the Brown Companies in a timely manner for the costs of defense paid by the Brown Companies to their attorneys for defending and resolving the Loyd Lawsuit.

42. St. Paul was obligated under the 2002-03 Policies to pay the defense costs incurred by the Brown Companies incurred in defending the Loyd Lawsuit directly to their attorneys or to reimburse the Brown Companies in a timely manner for the costs paid by the Brown Companies to their attorneys for defending and  resolving the Loyd Lawsuit.

43. USF&G is obligated to reimburse the Brown Companies for the settlement sum they paid to resolve the Loyd Lawsuit because that settlement payment was covered under the 1980-93 Policies and was less than the cost of continuing to defend that lawsuit.

44. St. Paul is obligated to reimburse the Brown Companies for the settlement sum they paid to resolve the Loyd Lawsuit because that settlement payment was covered under the 2002-03 Policies and was less than the cost of continuing to defend that lawsuit.

45. Failure to pay the defense and indemnification costs over the six years that the Brown Companies demanded payment was unlawful.

46. Under Indiana law, when an insured pays a defense cost that should have been borne by the insurer obligated to defend it, the insured has a right to collect prejudgment interest from the time it made the payment until it is reimbursed.

47. USF&G has breached its contractual obligations under the 1980-93 Policies and St. Paul has breached its contractual obligations under the 2002-03 Policies by failing to reimburse the Brown Companies for the settlement payment they made to resolve the Loyd Lawsuit and by failing to pay interest on the amounts paid by the Brown Companies in defense or settlement of the Loyd Lawsuit.

48. The Brown Companies have suffered damages as a result of the breaches of contract that USF&G and St. Paul have committed, and USF&G and St. Paul are liable to the Brown Companies for all damages caused by their breaches of contract.

**Count III – Bad Faith/Loyd Lawsuit**

49. The Brown Companies incorporate by reference Paragraphs 1 through 48 as though fully restated herein.

50. USF&G and St. Paul have a duty, under Indiana law, to treat their insureds with good faith and to deal with them fairly in the handling of claims.

51. In Indiana, bad faith includes (1) an unfounded refusal to pay policy proceeds or (2) causing an unfounded delay in making payment.

52. St. Paul and USF&G agreed to pay the Brown Companies' costs of defending the Loyd Lawsuit **over 9 years ago** but never paid any such costs until December 2013.

53. In addition, St. Paul and USF&G have failed to reimburse the Brown Companies for a cost-of-defense settlement of the Loyd Lawsuit to which St. Paul & USF&G consented, despite that payment having been made over six years ago and repeated demands by the Brown Companies for reimbursement of that settlement payment.

54. The failure of St. Paul and USF&G to make any defense payments for 9 years to pay the Brown Companies interest on defense or settlement costs paid by the Brown Companies directly or to reimburse the Brown Companies for the settlement payment resolving the Loyd Lawsuit clearly constitutes both "an unfounded refusal to pay policy proceeds" and "an unfounded delay in making payment".

55. Similarly, St. Paul and USF&G agreed to pay the Brown Companies' costs of defending AOC I and AOC II **10 years ago** but have never paid any such costs.

56. The failure of St. Paul and USF&G to make any defense payments over the past 10 years or to reimburse the Brown Companies for defense costs the Brown Companies have paid clearly constitutes both "an unfounded refusal to pay policy proceeds" and "an unfounded delay in making payment".

57. St Paul and USF&G have breached their obligation of good faith and fair dealing to their insureds, the Brown Companies, and acted in bad faith by failing to pay or reimburse defense and settlement costs without any legitimate basis.

58. The Brown Companies have suffered damages as a result of USF&G's and St. Paul's bad faith in handling these claims. USF&G and St. Paul are liable to the Brown Companies for all damages caused by their breach of the duty of good faith and/or their bad faith.

**Count IV – Declaratory Judgment**

59. The Brown Companies incorporated by reference Paragraphs 1 through 58 as though fully restated herein.

60. There is an actual controversy between the Brown Companies on the one hand and USF&G and St. Paul on the other hand regarding whether any environmental, investigative or remedial actions that have been or may be required of the Brown Companies pursuant to AOC I or AOC II are covered under the 1980-93 Policies or the 2002-03 Policies.

61. Despite receiving notice of the AOC I and AOC II claims ten or more years ago, USF&G and St. Paul have made no coverage determinations as to indemnity for those claims.

62. In addition, there is an actual controversy between the Brown Companies and USF&G/St. Paul regarding indemnity coverage for the settlement payment in the Loyd Lawsuit.

63. Based on these controversies, the Brown Companies are entitled to a declaratory judgment pursuant to Ind. Code § 34-14-1-1 et seq., 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, that any investigation, remediation or settlement costs incurred by or required of the Brown Companies as a result of AOC I, AOC II or the Loyd Lawsuit are covered under the 1980-93 Policies and 2002-03 Policies.

WHEREFORE, the Brown Companies respectfully request that this Court enter judgment in their favor finding USF&G and St. Paul:

    a. Liable for all compensatory damages, including but not limited to all costs of defense incurred defending AOC I and AOC II;

    b. Liable for all interest provided by law;

    c. Liable for all costs provided by law;

    d. Are estopped from asserting any coverage defenses as to the 1980-93 Policies and 2002-03 Policies with respect to all claims of the Brown Companies related to AOC I, AOC II and the Loyd Lawsuit; and;

e. Liable for punitive damages; and

f. Declaring that all defense costs, environmental investigation or remediation costs and settlement costs incurred in response to AOC I, AOC II, or the Loyd Lawsuit are covered under the 1980-93 Policies and the 2002-03 Policies.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, the Brown Companies request a trial by jury on all claims and issues so triable.

Respectfully submitted,

/s/ Frank J. Deveau
Frank J. Deveau, Atty. No. 4692-49
Thomas F. O'Gara, Atty. No. 18678-49
Jayna M. Cacioppo, Atty. No. 25514-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317)713-3500
Email: fdeveau@taflaw.com
togara@taftlaw.com
jcacioppo@taftlaw.com

Attorneys for Plaintiffs, Brown, Inc., Bulk Transport Corporation, and Ddalt Corporation

2106882.1